JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01891 RGK (JEMx) | Date | June 14, 2010 |
|---|---|---|---|
| Title | ***BILLYE SERABIAN v. CELLCO PARTNERSHIP, et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS)** Order re: Plaintiff's Motion to Remand (DE 11); Defendant's Motion to Dismiss (DE 17)

## I.    INTRODUCTION

On July 23, 2009, Plaintiff Billye Serabian ("Plaintiff") filed a Class Action Complaint against Too Lazy, LLC ("Too Lazy") and Cellco Partnership ("Verizon") (collectively, "Defendants") in San Luis Obispo Superior Court. The First Amended Complaint ("Complaint"), filed on April 19, 2010, alleges the following claims: (1) Violation of Cal. Bus. & Prof. Code § 17200; (2) Unjust Enrichment; (3) Trespass to Chattels; (4) Tortious Interference with a Contract; and (5) Breach of Contract.

On March 16, 2010, Defendants removed the case to federal court. Before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand. Accordingly, Too Lazy's Motion to Dismiss is **DENIED as moot**.

## II.    FACTUAL BACKGROUND

This action arises out of Plaintiff's purchase of cellular phone service from Verizon, a wireless carrier. Plaintiff alleges that in 2009, unauthorized charges began to appear on her cellular phone account as a result of Defendants' unlawful billing practices.

According to the Complaint, Too Lazy provides cellular customers with "mobile content," such as text messages, weather alerts, and interactive radio, and bills customers' Verizon accounts for such services. Plaintiff alleges that Defendants charged her for mobile content that she never authorized. Plaintiff alleges that since Defendants have not refunded these charges or made assurances that similar mobile content charges would not reappear, they are participating in a billing strategy that is a deliberate attempt to collect erroneous charges.

## III.    JUDICIAL STANDARD

After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving that the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). There are three different scenarios establishing what level of proof the defendant must meet to show that the plaintiff's suit meets the amount in controversy requirement. *Id.* (citing *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006)). The plaintiff either fails to plead a specific amount of damages, alleges damages in excess of the amount in controversy, or alleges damages less than the amount in controversy. *Id.* In the first scenario, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy has been met."*Lowdermilk*, 479 F.3d at 998. The defendant under this burden "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the requirement. *Abrego*, 443 F.3d at 683 (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Following removal from state court, a district court has the power to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c).

## IV.   DISCUSSION

Plaintiff has not alleged a specific amount of damages, placing the suit in the first *Lowdermilk* category and requiring Too Lazy to show that it is more likely than not that the amount in controversy requirement is met. This Court finds that Too Lazy has failed to meet this burden. Too Lazy has merely produced evidence showing that its revenues from mobile content exceed $23 million, but it is unclear what percentage of this figure is the result of unauthorized charges. Without any suggestion as to this percentage, Too Lazy certainly has not shown why it is more likely than not that the amount in controversy exceeds $5 million. Nor does the Complaint, on its face, show that the amount in controversy exceeds $5 million. Plaintiff alleges that unauthorized charges for "several dollars" (Am. Compl. ¶ 24) appeared in her account "beginning in or about 2009" (Id. at ¶ 23). The Class, assuming one will be certified, consists of other telephone subscribers "who suffered losses or damages" (Id. at ¶ 29) from unauthorized charges, which the Complaint estimates to consist of "thousands of individuals." (Id. at ¶ 30.) Based on these numbers, it is not evident that the alleged damages spread across the entire class exceed several thousand dollars, much less $5 million.

Too Lazy asks this Court to adopt the Seventh Circuit's rationale in *Spivey v. Vertue*, 528 F.3d 982 (7th Cir. 2008), and find that its entire $23 million revenue is at stake, thereby satisfying the $5 million amount in controversy. In *Spivey*, the removing defendant argued that allegations of unauthorized marketing charges put their entire revenue in issue, even though the defendant did not concede that its charges were unauthorized. *Spivey*, 528 F.3d at 985-86. The court agreed that the revenue was put in issue because the complaint alleged that the unauthorized billing was defendant's "standard practice," and found that the $5 million amount in controversy was therefore satisfied by defendant's showing of $7 million in revenue. *Id.*

The facts in this case are distinguishable from *Spivey*, however. Here, the Complaint does not allege that Too Lazy's unauthorized charges are "standard practice," and Plaintiff even concedes that some consumers "did, in fact, authorize charges for such services." (Am. Compl. ¶ 20.) Therefore, there is no suggestion that a high percentage of Too Lazy's revenue is from unauthorized charges and no basis from which to conclude that $5 million of Too Lazy's $23 million is at stake.

Furthermore, the rule in *Spivey* is not binding on this Court and is inconsistent with the standard of proof required by the Ninth Circuit. The court in *Spivey* stated that the removing defendant's burden is "not a demand for proof" as "[d]iscovery and trial come later." *Spivey*, 528 F.3d at 986 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). As stated above, the Ninth Circuit requires the moving party to "provide *evidence*" that the amount in controversy is satisfied, suggesting that the burden is, in fact, a demand for proof. *Abrego*, 443 F.3d at 683 (quoting *Sanchez*, 102 F.3d at

404) (emphasis added). *See also Amezcua v. Cellco P'ship*, 2009 WL 1190553, at *4 n.2 (N.D. 3Cal. 2009) ("[I]t is questionable whether the Seventh Circuit's premise that the defendant's burden with respect to the amount in controversy merely is 'a pleading requirement, not a demand for proof'. . . can be squared with the Ninth Circuit's requirement.").

In cases similar to this one, courts in this jurisdiction have held that the mere suggestion that defendant's revenue exceeds the amount in controversy does *not* satisfy the defendant's burden of proof. *Compare Walker v. Motricity*, 627 F. Supp. 2d (N.D. Cal. 2009) (rejecting defendant's amount-in-controversy claim based on an estimate of the percentage of revenue that was "unauthorized" because it was based on tenuous inferences), *and Amezcua v. Cellco,* 2009 WL 1190553 (N.D. Cal. 2009) (stating that when the complaint alleges that a portion of the revenue is from "unauthorized" charges, but does not illuminate what percentage this portion represents, the entirety of the revenue is not in issue), *with Thornton v. DFS* (E.D. Mo. 2009) (finding that the amount in controversy is satisfied by multiplying the plaintiff's unauthorized fee by the number of people with the credit card, regardless of whether their fees were unauthorized), *and White v. Playphone* (W.D. Wis.2009) (finding that plaintiff's allegation that defendant "repeatedly" charged for unauthorized services puts all of defendant's revenue in question). In *Amezcua*, the Northern District of California remanded a suit filed against Verizon and another mobile content provider, rejecting defendants' reliance on *Spivey*. The court found that the allegation that the defendants "continually caus[es]" unauthorized charges "shed little light on the extent of the alleged 'practice.' That Funmobile engages 'continually' in the alleged practice does not establish what percentage of Defendants' revenues [of $29.3 million] properly may be considered 'unauthorized.'" *Amezcua* 2009 WL 1190553, at *2.

In sum, the preponderance of evidence standard is not satisfied. *Spivey* is not on point, and its statement of the law is not binding. District courts within the Ninth Circuit have remanded in similar situations. For these reasons, this case should be remanded.

## V. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. Accordingly, Too Lazy's Motion to Dismiss is **DENIED as moot**. This matter is remanded to the state court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |